**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2021[*]
Decided February 1, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1915

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| | No. 92–cr–30116-SMY |
| *v.* | |
| ALBERT L. RICHARDSON, JR., *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

## O R D E R

Albert Richardson appeals the district court's order denying his petition for a writ of *coram nobis*. We affirm.

The procedural history of Richardson's criminal proceedings is familiar to the parties and need not be discussed at length. Richardson pleaded guilty in 1992 to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

conspiring to distribute crack cocaine and completed his sentence for that conviction in 2002. He later served time on another federal conviction, and in 2019 he was convicted of being a felon in possession of a firearm and sentenced to 96 months' imprisonment. While serving this sentence, Richardson filed a petition for a writ of error *coram nobis* with the district court that presided over his 1992 conviction, arguing that sentencing errors in that case led to an undue sentence enhancement for his current conviction. The court construed Richardson's filing as a motion for relief under 28 U.S.C. § 2255 and denied it because he was no longer "in custody" for that conviction.

As an initial matter, the district court should have construed Richardson's filing as it was labeled: a petition for a writ of *coram nobis*. "[C]*oram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013). Richardson's case meets this criterion: he is challenging the sentence for his 1992 conviction that he already served.

Even so, Richardson is not entitled to relief. A writ of *coram nobis* is "to be used only in extraordinary cases" where it is necessary "to achieve justice." *United States v. Delhorno*, 915 F.3d 449, 452–53 (7th Cir. 2019). It is available only when (1) there is an error so fundamental as to render the conviction invalid, (2) there are sound reasons for the petitioner's failure to seek relief earlier, and (3) the defendant continues to suffer from his conviction. *Id*. at 453. Richardson cannot satisfy the first element. He mounts no meaningful challenge to his 1992 conviction; he challenges only the lawfulness of the resulting sentence. An error in a defendant's sentence is not so "fundamental" as to render the conviction itself "invalid." *United States v. Wilkozek*, 822 F.3d 364, 369 (7th Cir. 2016) (alleged error in defendant's sentence is not fundamental because it "doesn't cast doubt on [the defendant's] guilt"). Because Richardson cannot meet the first element, we need not address the remaining two elements.

AFFIRMED